**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FELIX PINTOR,

            Plaintiff,

    v.

CAMDEN COUNTY,

            Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06860 (JBS-AMD)

**OPINION**

APPEARANCES:

Felix Pintor
Plaintiff Pro Se
414 Viola Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Felix Pintor seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints prior to service in those civil actions in which a prisoner is proceeding *in forma pauperis* (*see* 28 U.S.C. § 1915(e)(2)(B)), seeks redress against a governmental employee or entity (*see* 28 U.S.C. § 1915A(b)), or brings a claim with respect to prison conditions (*see* 42 U.S.C. § 1997e). The PLRA directs district courts to *sua*

1

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in § III of Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

5.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*,

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6.   Here, Plaintiff's Complaint states in its entirety: "Over curadded [*sic*] cell. We sleap [*sic*] in durty [*sic*] foolers [*sic*]. [I]t smell [*sic*] so bad. It makes you piut [*sic*]. We culd [*sic*] not use the bathroom because it was over clouded [*sic*]. Pepole [*sic*] ping [*sic*] on us." Complaint § III. Plaintiff alleges this occurred in "all most [*sic*] the end of 2015. Beging [*sic*] of 2016." *Id*. Plaintiff alleges injury from "sleeping in

---

287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

durty [*sic*] floors and no beds (*id*. § IV) and "want[s] the court
to do wat [*sic*] right for the people that sleeping like animals
on druty [*sic*] floors." *Id*. § V.

7.    Even construing the Complaint as seeking to bring an
action against "g[u]ards" (*id*. § III), any such purported claims
must be dismissed because the Complaint does not set forth
enough factual support for the Court to infer that a
constitutional violation has occurred.

8.    The mere fact that an individual is lodged temporarily
in a cell with more persons than its intended design does not
rise to the level of a constitutional violation. *See Rhodes v.
Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by
itself did not violate Eighth Amendment); *Carson v. Mulvihill*,
488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking
does not constitute punishment, because there is no 'one man,
one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538
F.3d 229, 233 (3d Cir. 2008) (noting due process analysis
requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse

4

conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the length of the
confinement(s), whether plaintiff was a pretrial detainee or
convicted prisoner, any specific individuals who were involved
in creating or failing to remedy the conditions of confinement,
any other relevant facts regarding the conditions of
confinement, etc.

9.   Moreover, Plaintiff has not pled sufficient facts to
impose liability on Camden County. "There is no respondeat
superior theory of municipal liability, so a city may not be
held vicariously liable under § 1983 for the actions of its
agents. Rather, a municipality may be held liable only if its
policy or custom is the 'moving force' behind a constitutional
violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006)
(citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,
691 (1978)). *See also Collins v. City of Harker Heights*, 503
U.S. 115, 122 (1992) ("The city is not vicariously liable under
§ 1983 for the constitutional torts of its agents: It is only
liable when it can be fairly said that the city itself is the
wrongdoer.").

10.   Plaintiff must plead facts showing that the relevant
Camden County policy-makers are "responsible for either the
affirmative proclamation of a policy or acquiescence in a well-
settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d

Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

11.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[3]

12.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).
[3] The amended complaint shall be subject to screening prior to service.

13.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

14.   For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim.

15.   An appropriate order follows.


**January 13, 2017**                  **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge


7